AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

FILED

# UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

for the

District of New Mexico

JUN 2 2 2023

|  |  |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| | ) Case No. 23 - 1266 MR |
| Google Cell Phone (SUBJECT TELEPHONE) | ) |
| | ) |

MITCHELL R. ELFERS
CLERK OF COURT

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

A Google Cell Phone, more fully described in Attachment A, which is attached and incorporated herein.

located in the _____ District of ___New Mexico___ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. 5861(d) | Possession of unregistered NFA firearm |
| 18 U.S.C. 922(g)(1) | Convicted felon in possession of a firearm |

The application is based on these facts:

See Affidavit in Attachment C, attached and incorporated herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Neal Anglin, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___electronic submission and telephonic swearing___ *(specify reliable electronic means).*

Date: 06-22-2023

_____
*Judge's signature*

City and state: Las Cruces, New Mexico

Kevin R. Sweazea, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## PROPERTY TO BE SEARCHED

The affidavit, *see* **Attachment C**, is submitted in support of warrant to search and seize information, more fully described in **Attachment B**, contained in the following electronic device(s) (referred to in **Attachment B** and **Attachment C** as "SUBJECT TELEPHONE" to include any SIM cards found in or with the SUBJECT TELEPHONE. This warrant authorizes the forensic examination of the entire device for the purpose of identifying the electronically stored information described in Attachment B.

## SUBJECT TELEPHONE

SUBJECT TELEPHONE is a black Google cell phone, which was seized from Christopher HALL on April 28, 2023, in Las Cruces, New Mexico. SUBJECT TELEPHONE is currently in the custody of the ATF located in Las Cruces, New Mexico, and is depicted in the photographs below:



## ATTACHMENT B

### PARTICULAR THINGS TO BE SEIZED/INFORMATION TO BE RETRIEVED

The particular things to be seized include all records, wherever located and in whatever format, stored on the device(s) described in **Attachment A** that are related to violations of 18 U.S.C. § 922(g)(1) (Convicted felon in possession of a firearm) and 26 U.S.C. § 5861(d) (possession of a firearm not registered in the National Firearms Registration and Transfer Record), by Christopher HALL including:

1.     Photographs, videos, multimedia, text, or documents depicting or suggesting the possession of firearms;

2.     Any and all records, information, documents, images, videos, communications, emails, email software, associated email addresses, email address book contents, internet history, browsing history, internet search history, cookies, deleted files, bookmarked and favorite web pages, user typed web addresses, desktop shortcuts, path and file names for files opened through any media and/or image viewing software, anonymizing software, encryption software, chat software, chat files, chat logs, chat names used, peer to peer software, peer to peer files, contact lists, newsgroup postings by the user, IP addresses assigned, access logs, and any other evidence pertaining to:

   a.  Evidence of who used, owned, or controlled the item at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b.  Evidence of software that would allow others to control the item, such as viruses,

Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c.  Evidence of the lack of such malicious software;

d.  Evidence indicating how and when the item was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e.  Evidence indicating the item user's state of mind as it relates to the crime under investigation;

f.  Evidence of the attachment to the item of other storage devices or similar containers for electronic evidence;

g.  Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the item;

h.  Evidence of the times the item was used;

i.  Passwords, encryption keys, and other access devices that may be necessary to access the item;

j.  Records of or information about Internet Protocol addresses used by the item;

k.  Records of or information about the item Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

l.  Contextual information necessary to understand the evidence described in this attachment.

3.      Items listed in Attachment A used as an instrumentality of violations of Title 18,
United States Code, Section 922(g)(1) and Title 26, United States Code, Section 5861(d).

4.      As used above, the terms "records" and "information" include all of the foregoing
items of evidence in whatever form and by whatever means they may have been created or
stored, including any form of computer or electronic storage (such as flash memory or other
media that can store data) and any photographic form.

5.      This warrant authorizes a review of electronic storage media and electronically
stored information seized or copied pursuant to this warrant in order to locate evidence, fruits,
and instrumentalities described in this warrant. The review of this electronic data may be
conducted by any government personnel assisting in the investigation, who may include, in
addition to law enforcement officers and agents, attorneys for the government, attorney support
staff, and technical experts. Pursuant to this warrant, the ATF may deliver a complete copy of the
seized or copied electronic data to the custody and control of attorneys for the government and
their support staff for their independent review.

**ATTACHMENT C**
**AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING**
**SEARCH WARRANT**

I, Neal Anglin, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1.    I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the cellphone described in Attachment A, which is currently in law enforcement possession, and the extraction from that cellphone of the electronically stored information described in Attachment B.

**AGENT BACKGROUND**

2.    I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been since August 2022. Prior to my appointment with the ATF, I was a sworn law enforcement officer in the Commonwealth of Virginia for over nine (9) years, the last three of which I was assigned to the Special Investigations Bureau, Narcotics Unit. I am currently assigned to the Las Cruces Field Office, an enforcement group responsible for investigating violent crime, gangs, armed drug trafficking, and other firearm related violations. In my capacity as a law enforcement officer, I have investigated individuals for the illegal possession and use of firearms, illegal possession and distribution of controlled substances, and for commission of violent crimes. Many of these investigations involved the execution of search warrants and led to the arrest and conviction of individuals for violations of federal and state laws.

3.    During my time as a law enforcement officer, I have become knowledgeable about the methods and modes of narcotics operations, and the language and patterns of drug use and trafficking. I have gained knowledge in the use of various investigative techniques including the

use of wiretaps, physical surveillance, undercover agents, confidential informants and cooperating witnesses, the controlled purchases of illegal narcotics, the trafficking of firearms, electronic surveillance, consensually monitored recordings, investigative interviews, financial investigations, and the execution of search and arrest warrants.

4.      I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation, discussions with other agents involved in the investigation, and review of reports written by other agents and other evidence and materials concerning the investigation.

5.      Based on my training and experience, I am aware that:

    a.   Individuals who possess illegal firearms often take, or cause to be taken, photographs and videos of themselves, their associates, the illegal firearms, their function, manipulation, and manufacture. This multimedia is often stored on electronic devices.

    b.   Individuals who possess illegal firearms often utilize electronic devices to communicate with sources of firearms and accessories, as well as their associates.

6.      Based on my training and experience and the facts set forth in this affidavit, I submit that there is probable cause to believe that violations of 18 U.S.C. § 922(g)(1) (Convicted felon in possession of a firearm) and 26 U.S.C. § 5861(d) (possession of a firearm not registered in the National Firearms Registration and Transfer Record) have been committed by Christopher HALL. I further submit that there is probable cause to search the items, as further

described in Attachment A, for evidence, instrumentalities, and fruits of these crimes, as further described in Attachment B.

## **PROBABLE CAUSE**

7.      The following information is based upon my personal knowledge as well as information provided by other federal, state or local officers and is presented as probable cause to search a black Google cell phone (SUBJECT TELEPHONE), and any SIM card or other storage media contained therein SUBJECT TELEPHONE. Because this Affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding the instant investigation.  More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause to search SUBJECT TELEPHONE for evidence of violations of 18 U.S.C. § 922(g)(1) (Convicted felon in possession of a firearm) and 26 U.S.C. § 5861(d) (possession of a firearm not registered in the National Firearms Registration and Transfer Record).

8.      On April 28, 2023, New Mexico State Adult Probation-Parole Officers conducted a visit at HALL'S place of employment located at Las Cruces Plumbing & Gas, 280 N 17th St, Las Cruces, NM 88005.  The Probation Officers had received information that HALL was in possession of a firearm and HALL has prior felony convictions for possession of a controlled substance and a larceny related offense.  When Probation Officers arrived, HALL was located inside of his vehicle.  HALL exited the vehicle with the SUBJECT TELEPHONE in his hand and was detained by Probation Officers.  A search of the vehicle was conducted, and Probation Officers located a substance consistent with methamphetamine, an AR style rifle (no markings) machine gun with a suspected silencer, Hi-Point C9 9mm pistol, Canada bolt-action rifle, ammunition, and numerous other firearm parts.

9.      Probation Officers took possession of the SUBJECT TELEPHONE and HALL provided the passcode for the SUBJECT TELEPHONE. A search of the SUBJECT TELEPHONE was conducted by Probation and videos of HALL shooting a fully automatic rifle were located along with photos of firearms. Probation stated they observed messages between HALL and his girlfriend relating to the sale of firearms.

10.      On May 15, 2023, ATF collected the AR style rifle (no markings) machine gun with a suspected silencer, Hi-Point C9 9mm pistol, Canada bolt-action rifle, ammunition, and the SUBJECT TELEPHONE.

11.      SA Anglin observed the AR style rifle and did not observe any manufacturer 's marking or serial number. The rifle appears to be a privately made firearm (PMF). The receiver of the firearm has a pin hole just above the selector which is consistent with an AR-style machine gun. SA Anglin field function-tested the firearm and it function consistent with being fully automatic, or as being capable of shooting automatically, without manual reloading, more than one shot with a single function of the trigger. SA Anglin measured the rifle which resulted in a barrel length less than 16 inches. The rifle did not have the proper manufacturer markings or serial number as required by 26 U.S.C. § 5842.

12.      The AR-style rifle also had a suspected firearm silencer attached to the muzzle. The firearm silencer or muffler did not have any visible serial number or manufacturer's markings as required by 26 U.S.C. § 5842. The silencer appears to have baffles or similar devices within its tube and was consistent in appearance with a device that could be used to silence, muffle, or diminish the report of a portable firearm.

13.      On May 18th, 2023, ATF Agents interviewed Hannah Harris at her residence located 341 Keathley Dr, Las Cruces, NM 88005. Harris stated HALL started making firearms

Page 4

around "Covid" as a hobby.  SA Anglin showed a photo of the AR-style firearm with the suspected silencer that was recovered by New Mexico State Probation.  Harris identified the AR-style rifle as being the firearm HALL had built.  Harris stated HALL had used a big drill to build the rifle but took the tool somewhere else over a year ago.  Harris stated she has also seen numerous photos of firearms on the SUBJECT TELEPHONE, but does not know where they are nor has she ever seen them in person.

14.     Based upon the information contained in this Affidavit, there is probable cause to believe that SUBJECT TELEPHONE contains evidence of violations of 18 U.S.C. § 922(g)(1) (Convicted felon in possession of a firearm) and 26 U.S.C. § 5861(d) (possession of a firearm not registered in the National Firearms Registration and Transfer Record).

## ELECTRONIC STORAGE & FORENSIC ANALYSIS

15.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  This information can sometimes be recovered with forensics tools.

16.     *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how SUBJECT TELEPHONE was used, the purpose of its use, who used SUBJECT TELEPHONE, and when.  There is probable cause to believe that this forensic electronic evidence might be on SUBJECT TELEPHONE because:

Page 5

a. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

b. A person with appropriate familiarity with how an electronic device works and the data generated by such devices may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

c. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

17.   *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of SUBJECT TELEPHONE consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of SUBJECT TELEPHONE to human inspection in order to determine whether it is evidence described by the warrant.

Page 6

18.     *Manner of execution.*   Because this warrant seeks only permission to examine a

device already in law enforcement's possession, the execution of this warrant does not involve

the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the

Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

19.     Based on the above information, there is probable cause to believe that evidence

of violations of 18 U.S.C. § 922(g)(1) (Convicted felon in possession of a firearm) and 26

U.S.C. § 5861(d) (possession of a firearm not registered in the National Firearms Registration

and Transfer Record) are located in SUBJECT TELEPHONE.  Therefore, I respectfully request

that this Court issue a search warrant for SUBJECT TELEPHONE, more particularly described

Attachment A, authorizing the seizure and examination of the items described in Attachment B.


                                        Respectfully submitted,


                                        Neal Anglin
                                        Special Agent


Electronically submitted and telephonically
sworn to before me on June   22   , 2023:


Kevin R. Sweazea
United States Magistrate Judge


Page 7